UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARLO NELSON | * | CIVIL ACTION NO. 22-cv-4292 |
| | * | |
| VERSUS | * | |
| | * | JUDGE: |
| SAMMY DAVIS, PROTECTIVE | * | |
| INSURANCE COMPANY, AND | * | |
| BIG 8 TRANSPORTATION, LLC | * | MAGISTRATE |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE OF REMOVAL**

**NOW INTO COURT**, through undersigned counsel, come Defendants, Sammy Davis, Big 8 Transportation, LLC, and Protective Insurance Company ("Defendants"), who file this *Notice of Removal* pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the docket of this Honorable Court.

1.

On June 23, 2022, Plaintiff, Marlo Nelson ("Plaintiff"), filed a personal injury lawsuit against Defendants in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Docket Number 829-624, Division "F," entitled, "*Marlo Nelson v. Sammy Davis, et. al.*" (*See Petition for Damages* and state court pleadings, attached hereto as Exhibit "A"). The lawsuit arises from an alleged motor vehicle collision on or about August 5, 2021 in Jefferson Parish at an Amazon warehouse facility located on Citrus Boulevard. *See* Exhibit "A," at ¶ 2.

2.

As set forth in more detail below, the *Petition* and the above-entitled suit are removable to this Honorable Court pursuant to 28 U.S.C. §1332 and 28 U.S.C. § 1441, and 28 U.S.C. § 1446,

as complete diversity exists between Plaintiff and all Defendants, and the requisite amount in controversy to invoke the federal court jurisdiction is present.

**I.   REMOVAL TO THIS HONORABLE COURT IS TIMELY.**

3.

Service of citation and a copy of the *Petition* were requested on Defendant, Protective Insurance Company, and the insurer was served through the Louisiana Secretary of State on or about July 8, 2022. *See* Exhibit "B," service on Protective Insurance Company, which joins and consents herein.

4.

Service of citation and a copy of the *Petition* were requested on Defendant, Big 8 Transportation, LLC, via the Louisiana Long-Arm Statute on or about July 19, 2022. *See* Exhibit "C," *Affidavit of Service* on Big 8 Transportation, LLC, which joins and consents herein.

5.

Service of citation and a copy of the *Petition* were likewise requested on Defendant, Sammy Davis, via the Louisiana Long-Arm Statute. Plaintiff purportedly attempted to serve Davis at the business address of Big 8 Transportation, LLC, which was clearly deficient. Undersigned counsel advised counsel for Plaintiff of these issues, as necessitating an *Exception*, and the latter advised she "understand[s] your objections to service" and offered to "work to cure the objection to service." *See* Exhibit "D," service documentation and correspondence dated August 26, 2022. In any event, Davis was served the week beginning October 24, 2022, though counsel has not produced or filed an *Affidavit* regarding same. Davis likewise joins and consents herein.

6.

Meanwhile, Defendants propounded written discovery to Plaintiff after filing responsive pleadings, and Plaintiff provided responses on September 28, 2022, along with a compact disc (received the following day) which contained nearly 200 pages of medical records. The discovery responses and excerpted medical records are attached as Exhibit "E."

7.

Discovery responses and accompanying medical records, establishing the requisite amount in controversy, constitute "other paper" under 28 U.S.C. § 1446(b)(3). *E.g., Trahan v. Hayes*, 2019 WL 6487410 (E.D. La. 12/3/19) at *2-3; *see also*, *Meeks v. Jazz Casino Co., LLC*, 2020 WL 359204 (E.D. La. 1/21/20) ["It is undisputed that medical records constitute 'other papers' for the purposes of determining whether an amount-in-controversy exceeds $75,000."].

8.

This removal is being timely filed within thirty (30) days of Defendants' receipt of "other paper" under 28 U.S.C. § 1446(b)(3) in the form of discovery responses and accompanying medical records, as indicated herein.

II. **COMPLETE DIVERSITY AMONG ALL PARTIES EXISTS.**

9.

Based on Plaintiff's allegations in the *Petition*, Marlo Nelson is a person of the full age of majority domiciled in the Parish of St. John the Baptist, and therefore she is a citizen of the State of Louisiana for purposes of diversity. *See* Exhibit "A," at ¶ 1.

10.

Defendant, Sammy Davis, is a person of the full age of majority, domiciled in the State of Texas, and he is a citizen of the State of Texas for purposes of diversity. *Id.*

3

11.

Defendant, Protective Insurance Company, is a foreign insurer organized under the laws of the State of Indiana with its principal place of business in the State of Indiana, and therefore it is a citizen of the State of Indiana for purposes of diversity. *See* Exhibit "F," documentation obtained from Louisiana Department of Insurance website.

12.

Defendant, Big 8 Transportation, LLC, is a limited liability company incorporated in the State of Texas. *See* Exhibit "G," documentation obtained from the Texas Office of Comptroller. Additionally, Big 8 Transportation, LLC has only one Member, Derrick Brown, Sr., who is a person of the full age of majority, domiciled in the State of Texas. The citizenship of a limited liability company for diversity purposes is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). There are no additional Members of this LLC. Therefore, Big 8 Transportation, LLC is a citizen of the State of Texas for purposes of diversity.

13.

There is complete diversity between the Plaintiff and all named Defendants. As of the date of this removal, Plaintiff has not named any other parties as Defendants.

**III.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

14.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal

petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002), *quoting Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

15.

Louisiana Code of Civil Procedure Article 893 specifically prohibits the pleading of the amount of monetary damages sought. However, Plaintiffs' *Petition* does not comply with the Louisiana Code of Civil Procedure in that it does not contain a general allegation that the claims are more or less than the requisite amount for federal court diversity jurisdiction, as is specifically required by LSA-C.C.P. Art. 893(A)(1).

16.

Instead, Plaintiff's *Petition* states that her "individual damages exceed the specific amount of damages necessary to establish the right to a jury trial." Exhibit "A" at ¶ 3. Plaintiff also alleges that the alleged accident "caus[ed] injuries and damages," and she seeks numerous categories of general and special damages. *Id.* at ¶ 2, 8.

17.

Under such circumstances, the removing party typically must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *E.g., Grant v. Chevron Phillips Chem. Co., L.P.*, 309 F. 3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945 (2003); *DeAguillar v. Boeing Co.*, 47 F. 3d 1404, 1412 (5th Cir. 1994); *see also*, *McGlynn v. Huston*, 693 F.Supp.2d 585, 588 (M.D. La. 3/5/10).

18.

As indicated above, Plaintiff has produced extensive medical records from numerous providers in conjunction with her written discovery responses; these itemize (incompletely) that

medical expenses incurred to date total approximately $15,000, but are actually significantly in excess of this amount because the billing documentation is incomplete (*See* Exhibit "E"):

| | |
|---|---|
| Ochsner Baptist | ["will supplement"] |
| River Parishes Chiropractic | $6,555.00 |
| Stand-Up Open MRI | $1,400.00 |
| Dr. Bradley Bartholomew | $4,126.00 |
| LA Health Solutions | $204.00 |
| South Lake Surgery Center | $5,900.00 |
| **TOTAL** | **$15,485.00** |

19.

Additionally, Plaintiff underwent a lumbar spine MRI on November 11, 2021 at Stand-Up-Open MRI Centers of Louisiana. The interpreting radiologist's impression of the results revealed broad-based disc herniations at multiple levels, including L4-5 and L5-S1, with accompanying and additional pathology at these and several other levels. *Id.*

20.

Furthermore, on July 18, 2022, Dr. Bradley Bartholomew performed several procedures on Plaintiff's lumbar spine, including a right L4-5 transforaminal epidural steroid injection, and facet blocks at both L4-5 and L5-S1. *Id.* Dr. Bartholomew also related Plaintiff's need for treatment, as well as the disc herniations, to the subject alleged accident. *Id.* Plaintiff has also complained of neck pain, in addition to her lumbar spine issues, as well as headaches, and she has undergone both chiropractic care and physical therapy. *Id.*

21.

Even further, Dr. Bartholomew has advised Plaintiff that her herniations are accompanied by tearing of the discs, and he noted the following: "While I did discussed [sic] option of a microdiscectomy, I would prefer to try a right L4-5 transforaminal [ESI] with right L4-5 and L5-S1 facet blocks prior to committing to surgery." *Id.*

22.

Plaintiff's responses also state that she "injured her head, neck, back, left shoulder and both

hips. … [S]he has experienced pain and numbness radiating down both arms and right leg, difficulty carrying out routine activities, frequent headaches with nausea and light sensitivity, sleep disturbance, fatigue, depression, blurred vision, and anxiety … please see … medical records and bills attached hereto for surgical recommendations from her treating physicians." *Id.*

23.

Spine injuries vary by severity, though they often alone exceed $75,000.00. *See, e.g. Smith v. Goetzman*, 97-0968 (La. App. 1 Cir. 9/25/98); 720 So. 2d 39 [automobile accident causes moderate disc bulge and depression, ongoing treatment, $80,000.00 general damage award]; *Keller v. City of Plaquemine*, 96-1933 (La. App. 1 Cir. 9/23/97); 700 So.2d 1285 [disc herniation, persistent pain, surgery unlikely, $125,000.00 award]; *Hoyt v. Gray Insurance Company*, 00-2517 (La. App. 4 Cir. 1/31/02); 809 So.2d 1076 [mild lumbar disc pathology, thoracic spine soft tissue injury, $150,000.00 general damage award]; *Theriot v. Torch Operating Co., et al.*, No. 96-3246 (E.D. La. 1998); 1998 WL 1108478 [motor vehicle accident resulting in cervical disc herniation – $242,938.00 award to the plaintiff].

24.

Courts from all three Louisiana federal district courts have also held that herniated discs, accompanied by subsequent injections, are sufficient to establish the requisite jurisdictional amount in controversy. *Brown v. Phoenix Ins. Co.*, 2020 WL 4697087 at *2 (E.D. La. 8/13/20)[1]; *Vasquez v. Johnson*, 2022 WL 1698678 (M.D. La. 5/3/22); *Thibodeaux v. GEICO*, 2016 WL 4055660 (M.D. La. 7/8/16); *Vincent v. SCC Transport, LLC*, 2022 WL 571868 (W.D. La. 2/8/22).

---

[1] "In this case, [Defendant] met its burden of demonstrating that the amount-in-controversy threshold is satisfied. In the removal petition, [Defendant] refers to the severity of the injuries alleged by [plaintiff], which show several disc herniations and bulges in his cervical and lumbar spine for which he has received chiropractic treatments for neck and back pain and undergone two lumbar steroid injections." 2020 WL 4697087 at *2 [Honorable Judge Ashe].

25.

However, beyond the disc herniations, chiropractic treatments, epidural steroid injections, *and* facet blocks, Dr. Bartholomew has *also* indicated that Plaintiff has the option of a microdiscectomy surgery, as discussed and quoted above. In this regard, Louisiana jurisprudential law makes it even more clear that Plaintiff's alleged damages exceed the necessary amount in controversy. *E.g., Caillouet v. City of New Orleans*, 02-0475 (La. App. 4 Cir. 11/26/02); 834 So. 2d 521 [$200,000 for a back injury that led to discectomy procedure]; *Wood v. Subsea Int'l Inc.*, 99-1320 (La. App. 4 Cir. 3/29/00); 766 So. 2d 563 [$285,000 for one-level discectomy and laminectomy]; *Burch v. SMG, Schindler Elevator Corp.*, 14-1356 (La. App. 4 Cir. 4/7/16); 191 So. 3d 652 [$400,000 for pain at L5-S1 resulting in laminectomy and facetectomy].

26.

In addition to all of the above, undersigned counsel provided Plaintiff with a draft *Stipulation* that her claims do not exceed $75,000, exclusive of interest and costs, and it was made clear that this case is removable based on the discovery production in transmitting correspondence. *See* Exhibit "H," correspondence to counsel for Plaintiff of October 5, 2022, as well as accompanying *Stipulation*. Counsel and her client have refused to execute the *Stipulation* or otherwise confirm that damages do not exceed the requisite amount in controversy, as would be required pursuant to *Davis v. State Farm*, 2006 WL 1581272 at *2-3 (E.D. La 6/7/06) and *Kaplan v. Prime Demolition & Disposal, LLC et. al.*, 2008 WL 5264024 at *2 (E.D. La. 12/18/08).

27.

The lack of *Stipulation*, and Plaintiff's "refusal" to execute same, constitutes still further evidence that the amount in controversy is in excess of the requisite amount for federal court jurisdiction. *See, e.g., Simpson v. Dollar Tree Stores, Inc.*, 2015 WL 5566704 *3 (W.D. La.

9/21/15); *Lee v. Dillon*, 2012 WL 3263882 at *3 (W.D. La. 8/8/12); *Broadway v. Wal-Mart Stores, Inc.*, 2000 WL 1560167 at *2 (E.D. La. 10/18/00); *Reid v. Delta Gas, Inc.*, 837 F. Supp. 751, 752-53 (M.D. La. 1993).

28.

In sum, given the totality of the several issues set forth in the foregoing, it is clear that this Honorable Court has original jurisdiction over this action pursuant to 28 USC 1332(a), because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

### IV. DEFENDANTS HAVE SATISFIED ALL PROCEDURAL REQUIREMENTS.

29.

As set forth above, all Defendants consent to the removal of this case.

30.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a), and it is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441. This is a civil action wherein the alleged damages of Plaintiff, Marlo Nelson, exceeds the sum of $75,000.00, exclusive of interest and costs, and Plaintiff is diverse in citizenship from all Defendants.

31.

As noted in *Barnes v. Progressive Paloverde Insurance Company*, No. 16-817 (M.D. La. 2/17/2017); 2017 WL 1856285, citing the Fifth Circuit's controlling guidance in *Allen v. R&H Oil & Gas Co.*, 63 F. 3d 1326, 1335 (5th Cir. 1995), "[i]n order for a court to refuse jurisdiction 'it [must] appear to a legal certainty that the claim is really for less than the jurisdictional amount.' *Allen*, 63 F. 3d at 1335." Defendant respectfully submits that the foregoing demonstrates removal to this Honorable Court is proper and in accordance with applicable law.

32.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate *Notice* of this Removal to Plaintiff, through her counsel, and to the Clerk of Court for 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

33.

No previous application has been made for the relief requested herein.

34.

The *Notice of Removal* is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

V.   **DEFENDANTS' JURY DEMAND.**

35.

Plaintiff did not expressly make a jury demand in her state court *Petition*. (*See*, generally, Exhibit "A"). However, Defendants are entitled to and hereby request a trial by jury on all triable issues herein.

**WHEREFORE**, Defendants, Sammy Davis, Big 8 Transportation, LLC, and Protective Insurance Company, pray that the action entitled, *"Marlo Nelson v. Sammy Davis, et al."* bearing Docket Number 829-624, Division "F," and pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, be removed from said state court docket to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**PERRIER & LACOSTE LLC**


___*/s/ Cory T. Stuart*_____
**GUY D. PERRIER, Esq. (Bar #20323)**
**CORY T. STUART, Esq. (Bar #33394)**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel:  (504) 212-8820
Fax:  (504) 212-8825
Email:  gperrier@perrierlacoste.com
Email:  cstuart@perrierlacoste.com

**ATTORNEYS FOR DEFENDANTS,**
**SAMMY DAVIS, BIG 8 TRANSPORTATION,**
**LLC, AND PROTECTIVE INSURANCE**
**COMPANY**


**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, email, first class postage prepaid, by hand delivery or by facsimile transmission, this 28th day of October, 2022, at their last known address of record.


 */s/ Cory T. Stuart*_____
**CORY T. STUART, Esq. (Bar #33394)**

11