FILED FOR RECORD 06/23/2022 12:42:18
Kyle S. Hannan, DY CLERK
JEFFERSON PARISH, LA



## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

Marlo Nelson          **vs.**          Protective Insurance Company, et al

**Court:** 24th JDC          **Docket Number:** 829-624 F

**Parish of Filing:** Jefferson          **Filing Date:** _____

**Name of Lead Petitioner's Attorney:** Warren A. Forstall, Jr.

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** 1          **Number of named defendants:** 3

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

- [X] Auto: Personal Injury
- [ ] Auto: Wrongful Death
- [ ] Asbestos: Property Damage
- [ ] Product Liability
- [ ] Intentional Bodily Injury
- [ ] Intentional Wrongful Death
- [ ] Business Tort
- [ ] Defamation
- [ ] Environmental Tort
- [ ] Intellectual Property
- [ ] Legal Malpractice
- [ ] Other Professional Malpractice
- [ ] Maritime
- [ ] Wrongful Death
- [ ] General Negligence

- [ ] Auto: Property Damage
- [ ] Auto: Uninsured Motorist
- [ ] Asbestos: Personal Injury/Death
- [ ] Premise Liability
- [ ] Intentional Property Damage
- [ ] Unfair Business Practice
- [ ] Fraud
- [ ] Professional Negligence
- [ ] Medical Malpractice
- [ ] Toxic Tort
- [ ] Other Tort (describe below)
- [ ] Redhibition
- [ ] Class action (nature of case)

**Please briefly describe the nature of the litigation in one sentence of additional detail:**


Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name   Warren A. Forstall, Jr.          Signature   _Warren A. Forstall_

Address   320 N. Carrollton Ave., Suite 200, New Orleans, LA 70119

Phone number:   504-483-3400          E-mail address: _____

Exhibit A 000001

FILED FOR RECORD 06/23/2022 12:40:25
Kyle S. Hannan, DY CLERK
JEFFERSON PARISH, LA



### 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO. 829 - 624                                            DIVISION **F**

### MARLO NELSON

### VERSUS

### PROTECTIVE INSURANCE COMPANY,
### BIG 8 TRANSPORTATION, LLC AND SAMMY DAVIS

FILED: _____          _____
                                                          DEPUTY CLERK

### PETITION FOR DAMAGES

The petition of MARLO NELSON, a person of the full age of majority and domiciled in
the Parish of St. John the Baptist, State of Louisiana, who avers as follows:

1.

The defendants in this matter are:

   a.)    PROTECTIVE INSURANCE COMPANY, a foreign insurer authorized to do and
           doing business in this Parish and State;

   b.)    BIG 8 TRANSPORTATION, LLC., a domestic corporation authorized to do and
           doing business in this Parish and State; and

   c.)    SAMMY DAVIS, a person of the full age of majority and domiciled in the County
           of Houston, State of Texas;

who are all liable to the Plaintiff for reasonable damages for the following:

2.

On or about August 5, 2021, the Plaintiff, MARLO NELSON, was a guest passenger in a
2015 Freightliner that was parked in an Amazon Warehouse Facility located at or near 5733 Citrus
Boulevard in the Parish of Jefferson, State of Louisiana. Without warning, a vehicle owned by
defendant, BIG 8 TRANSPORTATION, LLC. and driven by defendant, SAMMY DAVIS, struck
the Plaintiff's vehicle, causing injuries and damages to the Plaintiff.

3.

Pursuant to Louisiana Code of Civil Procedure Article 893, the Plaintiff states that her
individual damages exceed the specific amount of damages necessary to establish the right to a
jury trial. Plaintiff, however, reserves her right to supplement and/or amend this paragraph of her

1

Exhibit A 000002

Petition, as the nature and/or extent of her injuries and resultant damages may change.

4.

At all relevant times, the defendant, PROTECTIVE INSURANCE COMPANY, was the automobile liability insurer for the defendants, BIG 8 TRANSPORTATION, LLC. and SAMMY DAVIS.

5.

As a result of the accident, Plaintiff, MARLO NELSON, was caused personal injuries.

6.

The above-described accident and ensuing injuries to the Plaintiff were caused by no fault of her own, but were caused by the negligence of the defendants, in the following, but not necessarily exclusive, acts of negligence:

A.    Failure of the defendant driver to maintain proper control of the vehicle;

B.    Failure of the defendant driver to maintain a proper lookout;

C.    Failure of the defendant driver to avoid striking another vehicle;

D.    Failure of the defendant driver to drive in a careful manner;

E.    Failure of the defendant driver to use reasonable vigilance;

F.    Failure of the defendant driver to obey the traffic laws of the Parish of Jefferson, State of Louisiana, which are pleaded herein by reference; and

G.    Any and all other acts of negligence that may be proved at trial.

7.

At the time of the accident, the defendant driver, SAMMY DAVIS, was employed by and acting within the course and scope of his employ with defendant, BIG 8 TRANSPORTATION, LLC., and as such defendant, BIG 8 TRANSPORTATION, LLC, is vicariously liable for the acts and/or omissions of negligence of defendant driver, SAMMY DAVIS.

8.

The Plaintiff, MARLO NELSON, itemizes her damages as follows:

A.    Past, present, and future physical pain and suffering;

B.    Past, present, and future mental anguish;

C.    Past, present, and future medical expenses;

D.    Loss of enjoyment of life; and

2

E.    Any and all other damages that may be proved at trial.

9.

The Plaintiff requests service of citation on the named defendants.

10.

The Plaintiff avers amicable demand without avail.

11.

PLEASE TAKE NOTICE that undersigned counsel for the Plaintiff, MARLO NELSON, requests written notice of the date set for trial of the above-numbered and entitled cause, as well as notice of all hearings, (whether on the merits or otherwise), orders, judgments, and/or interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge, or any member of the Court or Clerk of Court's office, as provided in the Louisiana Code of Civil Procedure articles 1572, 1913, and 1914.

12.

WHEREFORE, the Plaintiff prays that the defendants, PROTECTIVE INSURANCE COMPANY, BIG 8 TRANSPORTATION, LLC., and SAMMY DAVIS, be duly served and cited to appear and answer this Petition, all as provided by law; that after all legal delays and proceedings are had, there be judgment jointly, severally, and *in solido* against the defendants, PROTECTIVE INSURANCE COMPANY, BIG 8 TRANSPORTATION, LLC., and SAMMY DAVIS, and in favor of the Plaintiff for reasonable damages, with legal interest from the date of judicial demand until paid, and for all costs of these proceedings, along with such other relief as law, equity, and the nature of this case may require.

Respectfully submitted:

LILLIE E. JOYCE (#33916)
WARREN A. FORSTALL, JR. (#5717)
LAW OFFICES OF WARREN A. FORSTALL, JR., LLC
320 N. Carrollton Avenue, Suite 200
New Orleans, LA  70119
Telephone:        (504)  483-3400
Facsimile:        (504)  483-3447
Email:            ljoyce@chipforstall.com
*Attorneys for Plaintiff, Marlo Nelson*

## PLEASE SEE SERVICE INSTRUCTIONS ON NEXT PAGE

3

Exhibit A 000004

**PLEASE SERVE THE PETITION FOR DAMAGES AND THE FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO THE FOLLOWING:**

1.  Protective Insurance Company
    through its registered agent for service of process:
    Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

    *EBRCk# 3825 $40.44*
    *803 Ck# 3825 $50.00*

**PLEASE SERVE WITH THE PETITON FOR DAMAGES:**

2.  Big 8 Transportation, LLC.
    (via Louisiana Long Arm Statute)
    Derrick Brown
    5750 N. Sam Houston Pkwy E., Suite 405
    Houston, TX 77032

3.  Sammy Davis
    (via Louisiana Long Arm Statute)
    5750 N. Sam Houston Pkwy E., Suite 405
    Houston, TX 77032

4

Exhibit A 000005

FILED FOR RECORD 06/23/2022 12:40:26
Kyle S. Hansen, DY CLERK
JEFFERSON PARISH, LA

**24ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 829-624                                    DIVISION F

**MARLO NELSON**

**VERSUS**

**PROTECTIVE INSURANCE COMPANY**
**BIG 8 TRANSPORTATION, LLC. AND SAMMY DAVIS**

FILED: _____          _____
                                                            **DEPUTY CLERK**

**First Set of Interrogatories**
**and Request for Documents**
**to Protective Insurance Company**

You are hereby notified of the issuance of the following written discovery. You are required to respond separately, in writing, and under oath, to each of the following Interrogatories and Requests for Production of Documents. You should produce your responses to the plaintiff's counsel, Lillie E. Joyce, within 30 days from the day you were served with the discovery.

These Interrogatories and the Request for Production of Documents are deemed to be continuing. In responding, you are asked to produce all the responsive information that is available to you, and not merely information you now possess. Therefore, you are asked to produce all of the responsive information that is in the possession of your agents, attorneys, investigators, adjusters, or anyone else who is subject to your custody or control.

If you cannot fully respond to any of these Interrogatories or Request, you should provide as much information as you can, and explain as to each one why you cannot fully respond, including all of the information or knowledge you have about the unanswered items.

*See* LA. CODE CIV. PROC. ANN. ARTS. 1421, *et seq.*, and 1457 and 1458.

**Privileged Documents**

If any of the documents are withheld from production to the Plaintiff due to a claim of some type of privilege, then the Defendant(s) is to produce, at the same time and place as the production of documents, a "Privilege Log". The "Privilege Log" should contain the following:

1.     The Bates-stamped ID (or other form) number of the first page of the document;

1

2.   The inclusive Bates numbers of all pages of the document being withheld;

3.   The total number of pages contained in the document in its original form;

4.   The identity of any documents or exhibits attached or appended to the document;

5.   The date the document was created (*e.g.* the date of a letter);

6.   The identity of the person/company who created/drafted/signed the original document;

7.   The identity of the person or company to whom/which the document was directed;

8.   The identity of all persons/companies who/that were sent a copy of the document at the time it was originally distributed/received;

9.   The date you received the document (unless the document was created/drafted/signed by one of your employees);

10.  The nature (*e.g.* memo, letter, report) and general subject matter of the document;

11.  The specific statute, rule, or decision on which the privilege is based, and under which the document has been withheld from production;

12.  The last-known custodian of the document and the present location of the document;

13.  A description of the form of the document – *i.e.* handwritten, typewritten, computer-generated, electronically generated (including by tablet), or otherwise; and

14.  Any other information about the document that is useful in or necessary to identifying the document.

## Applicable Definitions

1.   *"Accident"* – Means the accident that occurred on August 5, 2021, and is the accident upon which this lawsuit is based.

2.   *"Address"* – Means the physical, municipal address with street name and house or building number, including apartment number if applicable, and suite or office number if applicable; a post office box is not a municipal address.

3.   *"Communication"* – Means any transfer, attempted transfer, or requests for a transfer of information between persons, in any form.

4.   *"Contract"* or *"Agreement"* and/or *"Obligation"* – Means an agreement between two or more persons or parties relative to the conduct of business.

5.   *"Document"* or *"Documents"* – Means and refers to all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of the Louisiana Code of Civil Procedure, specifically including without limitation: writings, graphs, charts, photographs, telephone records, data compilations, letters, correspondence, e-mail communications, memoranda, minutes, notes, contracts, agreements, memoranda of conversations, films, transcripts, microfilm, desk calendars, appointment books, diaries, time sheets, laboratory books, logs, bulletins, circulars, notices, rules, regulations, prospectuses, directions, teletype messages, text messages, twitter messages, facebook postings, inter-office communications, intra-

2

Exhibit A 000007

office communications, reports, company worksheets, credit files, evidence of indebtedness, negotiable instruments, telegrams, mailgrams, books, new releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial statements, ledgers, journals, books of accounts, bills, vouchers, checks, working papers, telephone messages, notebooks, post cards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursements requests or orders, indices, projections, forms, data processing forms or programs, manuals, speeches, maps, studies, tests, surveys, cables, tape and/or disc and/or digital recordings (both audio and video), blueprints, containers, cartons, package labels, slides, audit reports, tender offers or invitations, interviews, summaries, abstracts, compilations or paraphrases of documents, or material similar to any of these documents however denominated, that are in the possession, custody, or control of the party to whom/which these written discovery requests are being propounded, or to which this party can obtain access.

The Request for Production of Documents calls for originals unless otherwise specified, and for all copies when originals are not available. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identified, each non-identical copy is a separate "document".

6.    *"Identify"* or *"Identity"* or *"Identification"* – When used in reference to a:

A.    Business – Means the full name or style under which the business is conducted, its business address and addresses, the types of businesses in which it is engaged, the geographic areas in which it conducts those businesses, and the "identity" of the "person" or "persons" who own, operate, and/or control the business;

B.    Communication – Means if any part of the communication was written, to "identify" the "document" or "documents" that refer to or evidence the communication, and, to the extent that the communication was not written, to "identify" the persons participating in the communication and to state the date, manner, place, and substance of the communication.

C.    Corporation – Means its full corporate name, and any names under which it does business, its state of incorporation, the address of its principal place of business, and the addresses of all its offices in the United States of America;

D.    Document – Means the number of pages and the nature of the "document" (*e.g.*, letter or memorandum), its title, its date, the name or names of its authors and recipients, and its present location and custodian;

E.    Person, a natural individual – Means his or her full name and residential and business addresses.

7.    *"Material"* or *"Materials"* – Means all of the materials that were used, relied upon, reviewed, referenced, or otherwise incorporated, whether directly or indirectly, into the Answer you filed in response to the Plaintiff's Petition, and/or that are responsive to these written discovery requests.

8.    *"Person"* or *"Persons"* – Means any natural person, association, corporation, governmental agency or agent, group, joint venture, legal entity, LLC, partnership, PLC, professional corporation, or proprietorship.

3

Exhibit A 000008

9. *"Plaintiff"* – Means the Plaintiff in the captioned case, Marlo Nelson.

10. *"You"* or *"Yours"* – Means the "Defendant" Protective Insurance Company to whom/which these discovery requests are directed, and persons and entities under their control, including their subsidiaries if any, their affiliates, agents, attorneys, directors, employees, independent contractors, officers, or representatives and successors.

## Interrogatories

**Interrogatory 1:**

Did you issue a policy of automobile insurance that provided coverage to Big 8 Transportation, LLC., and that was in effect on the date of the subject accident?

**Interrogatory 2:**

If your answer to Interrogatory 1 is "yes", then for each policy that you issued:

a. What are the effective dates of the policy?

b. What is the policy number of the policy?

c. What are the limits of all types of coverage provided the policy?

d. Who is/are the named insured(s) on the policy?

**Interrogatory 3:**

Are there any factors or conditions that may nullify or limit any of the insurance coverage for Big 8 Transportation, LLC. that is identified in response to Interrogatories 1 and 2?

**Interrogatory 4:**

Did you issue a "reservation of rights" letter to anyone in this case? If so, what is/are the reason/reasons for your "reservation of rights", and to whom did you issue the letter?

**Interrogatory 5:**

Is there any other insurance policy (such as an umbrella policy, excess policy, or comprehensive general liability policy) that provided liability coverage for Big 8 Transportation, LLC. on the date of the subject accident?

**Interrogatory 6:**

Was Sammy Davis an authorized driver on the date of the subject accident under the policy you issued to Big 8 Transportation, LLC?

### Request for Production of Documents

**Request 1:**

Produce a certified copy of any insurance policy identified in response to Interrogatories

4

.1, 2, and 5, above, including, for each policy, the declaration sheet, and all amendments, endorsements, and exclusions.

**Conclusion:**

These Interrogatories and Request are deemed to be continuing, and require supplemental answers if you obtain further information between the time the answers are served and the time of trial.

Respectfully submitted:

Lillie E. Joyce (LA 33916)
Warren A. Forstall, Jr. (LA 5717)
LAW OFFICES OF WARREN A. FORSTALL, JR., LLC
320 N. Carrollton Avenue, Suite 200
New Orleans, LA 70119
Telephone:   (504) 483-3400
Fax:             (504) 483-3447
Email:          ljoyce@chipforstall.com
Attorneys for Plaintiff, Marlo Nelson

**[SERVED WITH PETITION FOR DAMAGES]**

5

Exhibit A 000010

(101) CITATION: PETITION FOR DAMAGES;                    220628-9237-1

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

MARLO NELSON
   versus                                          Case: 829-624    Div: "F"
PROTECTIVE INSURANCE COMPANY, BIG 8        P 1 MARLO NELSON
TRANSPORTATION LLC, SAMMMY DAVIS

To:  BIG 8 TRANSPORTATION LLC
DERRICK BROWN
5750 N SAM HOUSTON PKWY E                   VIA LOUISIANA LONG ARM STATUTE
SUITE 405
HOUSTON TX 77032

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, within (30) CALENDAR days after the return of
service hereof, under penalty of default.

This service was requested by attorney WARREN A. FORSTALL JR and was issued by the
Clerk of Court on the 28th day of June, 2022.

/s/ Donna G. Muscarello
Donna G. Muscarello, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                    220628-9237-1

Received:_____  Served:_____  Returned:_____

Service was made:
  ___ Personal          ___ Domiciliary _____

Unable to serve:
  ___ Not at this address    ___ Numerous attempts _____ times
  ___ Vacant            ___ Received too late to serve
  ___ Moved             ___ No longer works at this address
  ___ No such address      ___ Need apartment / building number
  ___ Other _____

Service: $_____  Mileage: $_____  Total: $_____

Completed by:_____ # _____
              Deputy Sheriff
Parish of: _____

Imaged 06/28/2022 10:55 - Signed: Deputy Clerk of Court /s/ Donna G. Muscarello

Exhibit A 000011

(SERVICE COPY) (RETURN COPY)

(101) CITATION: PETITION FOR DAMAGES;                    220628-9238-9

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

MARLO NELSON
  versus                                          Case: 829-624   Div: "F"
PROTECTIVE INSURANCE COMPANY, BIG 8              P 1 MARLO NELSON
TRANSPORTATION LLC, SAMMMY DAVIS

To: SAMMMY DAVIS
5750 N SAM HOUSTON PKWY E
SUITE 405                                    VIA LOUISIANA LONG ARM STATUTE
HOUSTON TX 77032

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, within (30) CALENDAR days after the return of
service hereof, under penalty of default.

This service was requested by attorney WARREN A. FORSTALL JR and was issued by the
Clerk of Court on the 28th day of June, 2022.

                        /s/ Donna G. Muscarello
                        Donna G. Muscarello, Deputy Clerk of Court for
                        Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                    220628-9238-9

Received:_____  Served:_____  Returned:_____

Service was made:
      ___ Personal          ___ Domiciliary _____

Unable to serve:
      ___ Not at this address      ___ Numerous attempts _____ times
      ___ Vacant                   ___ Received too late to serve
      ___ Moved                    ___ No longer works at this address
      ___ No such address          ___ Need apartment / building number
      ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
                    Deputy Sheriff
Parish of: _____

*Imaged 06/28/2022 10:55 - Signed: Deputy Clerk of Court /s/ Donna G. Muscarello*

Exhibit A 000012

(101) CITATION: PETITION FOR DAMAGES / FIRST SET OF
INTERROGATORIES AND REQUEST FOR DOCUMENTS;

220628-9257-9

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

MARLO NELSON
  versus
PROTECTIVE INSURANCE COMPANY, BIG 8
TRANSPORTATION LLC, SAMMMY DAVIS

Case: 829-624   Div: "F"
P 1 MARLO NELSON

To: PROTECTIVE INSURANCE COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE
OF PROCESS:
LOUISIANA SECRETARY OF STATE
8585 ARCHIEVES AVENUE
BATON ROUGE LA 70809

#3824 $50.00 S/S
#3825 $40.44 EBR

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES / FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENTS of
which a true and correct copy accompanies this citation, or make an appearance either by
filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of
Jefferson, State of Louisiana, within (30) CALENDAR days after the service hereof, under
penalty of default.

This service was requested by attorney WARREN A. FORSTALL JR and was issued by the
Clerk of Court on the 28th day of June, 2022.

/s/ Donna G. Muscarello
Donna G. Muscarello, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES / FIRST SET OF
INTERROGATORIES AND REQUEST FOR DOCUMENTS;

220628-9257-9

Received:_____ Served:_____ Returned:_____

Service was made:
  ___ Personal     ___ Domiciliary _____

Unable to serve:
  ___ Not at this address   ___ Numerous attempts _____ times
  ___ Vacant   ___ Received too late to serve
  ___ Moved   ___ No longer works at this address
  ___ No such address   ___ Need apartment / building number
  ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
            Deputy Sheriff
Parish of: _____

Imaged 06/28/2022 11:45 - Signed: Deputy Clerk of Court /s/ Donna G. Muscarello

Exhibit A 000013

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO: 829-624                                                    DIVISION "F"

MARLO NELSON

VERSUS

PROTECTIVE INSURANCE COMPANY,
BIG 8 TRANSPORTATION, LLC. AND SAMMY DAVIS

FILED: _____          _____
                                          DEPUTY CLERK

AFFIDAVIT OF SERVICE

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

LILLIE E. JOYCE

with the firm of WARREN A. FORSTALL, JR., Attorney for Plaintiff, who after being deposed and

sworn, did state the following:

That a certified copy of the Petition for Damages in the above entitled and numbered case

was served on defendant, Big 8 Transportation, LLC., pursuant to the Louisiana Long Arm Statute,

by mailing same by Certified mail, Return Receipt Requested, on July 14, 2022 to the address at,

5750 N. Sam Houston Parkway E, Suite 405, Houston,TX 77032 and that defendant, Big 8

Transportation, LLC., received said suit and citation on July 19, 2022 as per copy of Return Receipt

attached hereto as Exhibit "A".

New Orleans, Louisiana, this _20th_ day of _July_ 2022.

_____
LILLIE E. JOYCE
joyce@chipforstall.com

Sworn to and
subscribed before me
this _20_ day of
_July_____, 2022.

_____
NOTARY PUBLIC

JONATHAN E. FORSTALL
NOTARY PUBLIC
STATE OF LOUISIANA
LSBA NO. 37967
MY COMMISSION IS ISSUED FOR LIFE

Exhibit A 000014

24th E-Filed: 07/20/2022 15:44 Case: 829624 Div:F Atty:033916 LILLIE E JOYCE

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage

Total Postage and Fees

Sent To Big 8 Transportation, LLC. (Derrick Brown)
Street and Apt. No., or PO Box No. 5750 N. Sam Houston Pkwy,
City, State, ZIP+4® Houston, TX 77032

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7021 2720 0001 2403 7411

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Big 8 Transportation, LLC.
Derrick Brown
5750 N. Sam Houston Pkwy E., Suite 405
Houston, TX 77032

9590 9402 7104 1251 9075 77

2. Article Number (Transfer from service label)
7021 2720 0001 2403 7411

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☑ Agent
                 ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Scanned WAF

24th E-Filed: 07/20/2022 15:44 Case: 829624 Div:F Atty:033916 LILLIE E JOYCE



Exhibit A 000015

[ SERVICE COPY ] / [ RETURN COPY ]

(101) CITATION: PETITION FOR DAMAGES / FIRST SET OF
INTERROGATORIES AND REQUEST FOR DOCUMENTS;                    220628-9257-9

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA          FILED FOR RECORD 07/22/2022 10:09:58
                            Deborah A. Bolotte DY CLERK
                            JEFFERSON PARISH LA

MARLO NELSON                                Case: 829-624    Div: "F"
        versus                              P 1 MARLO NELSON
PROTECTIVE INSURANCE COMPANY, BIG 8
TRANSPORTATION LLC, SAMMMY DAVIS

To:  PROTECTIVE INSURANCE COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE
OF PROCESS:                                 #3824 $50.00 S/S
LOUISIANA SECRETARY OF STATE                #3825 $40.44 EBR
8585 ARCHIEVES AVENUE
BATON ROUGE LA 70809

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES / FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENTS of
which a true and correct copy accompanies this citation, or make an appearance either by
filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of
Jefferson, State of Louisiana, within (30) CALENDAR days after the service hereof, under
penalty of default.

This service was requested by attorney WARREN A. FORSTALL JR and was issued by the
Clerk of Court on the 28th day of June, 2022.

                         /s/ Donna G. Muscarello
                         Donna G. Muscarello, Deputy Clerk of Court for
                         Jon A. Gegenheimer, Clerk of Court


_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES / FIRST SET OF
INTERROGATORIES AND REQUEST FOR DOCUMENTS;                    220628-9257-9

Received:_____  Served:_____  Returned:_____

Service was made:
____ Personal           ____ Domiciliary _____   I made service on the named party through the

Unable to serve:                                      Office of the Secretary of State on
____ Not at this address   ____ Numerous attempts ____ times
____ Vacant                ____ Received too late to serve        JUL 0 8 2022
____ Moved                 ____ No longer works at this address
____ No such address       ____ Need apartment / building number  by tendering a copy of this document to:
____ Other _____                                 JULIE NESBITT

Service: $_____  Mileage: $_____  Total: $_____     DY. M. LOCKWOOD #0803
Completed by:_____ #_____   Deputy Sheriff, Parish of East Baton Rouge, LA
                    Deputy Sheriff
Parish of: _____

Exhibit A 000016

RECEIVED
DATE
JUL 07 2022
E.B.R. Sheriff Office

Exhibit A 000017

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO: 829-624                                                 DIVISION "F"

MARLO NELSON

VERSUS

PROTECTIVE INSURANCE COMPANY,
BIG 8 TRANSPORTATION, LLC. AND SAMMY DAVIS

FILED: _____        _____
                                                      **DEPUTY CLERK**

<u>AFFIDAVIT OF SERVICE</u>

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

LILLIE E. JOYCE

with the firm of WARREN A. FORSTALL, JR., Attorney for Plaintiff, who after being deposed and sworn, did state the following:

That a certified copy of the Petition for Damages in the above entitled and numbered case was served on defendant, Sammy Davis, pursuant to the Louisiana Long Arm Statute, by mailing same by Certified mail, Return Receipt Requested, on July 14, 2022 to the address at, 5750 N. Sam Houston Parkway E, Suite 405, Houston,TX 77032 and that defendant, Sammy Davis, received said suit and citation on July 22, 2022 as per copy of Return Receipt attached hereto as Exhibit "A".

New Orleans, Louisiana, this _28th_ day of __July__ 2022.

_____
LILLIE E. JOYCE
ljoyce@chipforstall.com

Sworn to and
subscribed before me
this _28_ day of
_____July_____, 2022.

_____
NOTARY PUBLIC

JONATHAN E. FORSTALL
NOTARY PUBLIC
STATE OF LOUISIANA
LSBA NO. 37967
MY COMMISSION IS ISSUED FOR LIFE

24th E-Filed: 07/28/2022 16:02 Case: 829624 Div:F Atty033916 LILLIE E JOYCE

Exhibit A 000018



Marlo
Nelson

Rep. 9185

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To
Sammy Davis

Street and Apt. No., or PO Box No.
5750 N. Sam Houston Pkwy E, Suite 405

City, State, ZIP+4®
Houston, TX 77032

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7021 2720 0001 2403 7435

---

NEW ORLEANS LA 700

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sammy Davis
5750 N. Sam Houston Pkwy E, Suite 405
Houston, TX 77032

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 7104 1251 9075 53

2. Article Number (Transfer from service label)
7021 2720 0001 2403 7435

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X CoviD 19
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
RRZ   SM                          7-22-22

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

24th E-Filed: 07/28/2022 16:02 Case: 829624 Div:F Atty:033916 LILLIE E JOYCE



EXHIBIT
A

24ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

DOCKET NO.: 819-624                                   DIVISION: "F"

MARLO NELSON

VERSUS

SAMMY DAVIS, BIG 8 TRANSPORTATION, LLC,
AND PROTECTIVE INSURANCE COMPANY

FILED:_____        _____
                                                     DEPUTY CLERK

**ANSWER TO PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Defendant, Protective Insurance Company ("Defendant"), which for its answer to the *Petition for Damages* ("*Petition*") filed by Plaintiff, Marlo Nelson ("Plaintiff"), respectfully avers as follows:

1.

The allegations of Paragraph 1 of the *Petition* are admitted to the extent that Protective Insurance Company is a foreign insurer. The remaining allegations pertain to other parties and therefore require no response from Defendant.

2.

The allegations contained in Paragraph 2 of the *Petition* are denied.

3.

Defendant objects to the allegations contained in Paragraph 3 of the *Petition*, as they set forth legal conclusions and therefore require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 3 of the *Petition* are denied.

4.

Defendant objects to the allegations contained in Paragraph 4 of the *Petition*, as they set forth legal conclusions with regard to insurance coverage and therefore require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 4 of the *Petition* are denied as written, except to admit that Protective Insurance Company issued Policy No. AM600-BIG8TRA-0101 Named Insured Big 8

1

Exhibit A 000020

Transportation, LLC, which, as a written instrument, is the best evidence of its contents, including but not limited to any and all terms, conditions, definitions, forms, endorsements, limitations, exclusions, and other provisions, which are pled as if set forth herein *in extenso*.

5.

Defendant objects to the allegations contained in Paragraph 5 of the *Petition*, as they set forth legal conclusions and therefore require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 5 of the *Petition* are denied.

6.

Defendant objects to the allegations contained in Paragraph 6 of the *Petition*, as they set forth legal conclusions and therefore require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 6 of the *Petition*, including each and every subpart, are denied.

7.

Defendant objects to the allegations contained in Paragraph 7 of the *Petition*, as they set forth legal conclusions and pertain to other parties, and therefore require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 7 of the *Petition* are admitted to the extent that, upon information and belief, Sammy Davis was employed by Big 8 Transportation when the subject alleged accident occurred. The remaining allegations regarding liability are denied.

8.

Defendant objects to the allegations contained in Paragraph 8 of the *Petition*, as they set forth legal conclusions and therefore require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 8 of the *Petition*, including each and every subpart, are denied.

9.

The allegations of Paragraph 9 of the *Petition* require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 9 of the *Petition* are denied.

2

Exhibit A 000021

10.

Defendant objects to the allegations contained in Paragraph 10 of the *Petition*, as they set forth legal conclusions and therefore require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 10 of the *Petition* are denied.

11.

The allegations of Paragraph 11 of the *Petition* require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 11 of the *Petition* are denied.

12.

Defendant objects to the allegations contained in Paragraph 12 / Prayer of the *Petition*, as they set forth legal conclusions and therefore require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 12 / Prayer of the *Petition* are denied.

13.

AND NOW, for further answer and response to the *Petition*, Defendant alleges and avers the following Affirmative Defenses:

### FIRST DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that Plaintiff's allegations are barred by the applicable statute of limitations and/or prescription and/or preemption.

### SECOND DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that the allegations contained in Plaintiff's *Petition* fail to state a cause and/or right of action upon which relief can be granted.

### THIRD DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that no act or omission on its part, or that of its Insured(s), proximately caused or contributed to Plaintiff's alleged damages, which are specifically denied.

3

Exhibit A 000022

## FOURTH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that the subject alleged incident occurred under circumstances which are wholly disparate from those asserted in Plaintiff's *Petition.*

## FIFTH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that the subject alleged incident was caused by the fault and/or comparative fault of Plaintiff, which serves to bar and/or diminish any recovery by Plaintiff against Defendant herein.

## SIXTH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that Plaintiff could have avoided the subject alleged incident in the exercise of ordinary care but failed to do so.

## SEVENTH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that Plaintiff has failed to mitigate her damages, if any, which are specifically denied, which serves to bar and/or diminish any recovery by Plaintiff against Defendant herein.

## EIGHTH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that the damages sought by Plaintiff, which are specifically denied, were caused by the fault or negligence of a third party or third parties over whom Defendant had no control or responsibility, legal or otherwise, which serves to bar and/or diminish any recovery by Plaintiff against Defendant herein.

## NINTH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that neither it nor its Insured(s) have any responsibility or liability for the subject alleged incident or the damages complained of, which are specifically denied.

## TENTH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that at all material times Defendant and its Insured(s) exercised reasonable care herein.

4

Exhibit A 000023

### ELEVENTH DEFENSE

In the alternative, and as a separate and complete defense, Defendant avers that it is entitled to a credit and/or set off for any and all payments made to or on behalf of Plaintiff by any person or entity including, but not limited to, any and all write-offs, discounts, and/or adjustments by any health care provider including, but not limited to, write-offs, discounts, and/or adjustments in favor of Medicaid and/or Plaintiff's counsel and/or a worker's compensation carrier and/or any other third party, and/or any and all payments for property damage or any other alleged element of damages, and expressly plead extinguishment of any obligation due to Plaintiff to the full extent of any such payments.

### TWELFTH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively asserts the assessment of fault against all persons and entities whose actions in any way contributed to Plaintiff's alleged damages, which are specifically denied, including but not limited to third parties and non-parties, which will either serve as a complete bar to recovery against Defendant, or in the alternative, for which Plaintiff's recovery against Defendant should be appropriately reduced.

### THIRTEENTH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that it and its Insured(s) complied with all relevant requirements of Louisiana law, statutory, jurisprudential, or otherwise, at all times, including those material to the subject alleged incident.

### FOURTEENTH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that the subject alleged incident was caused by unforeseen or unforeseeable circumstances and/or a sudden emergency and, as such, Defendant cannot be responsible and/or liable to Plaintiff.

### FIFTEENTH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that subject alleged incident was unavoidable and, as such, Defendant cannot be responsible and/or liable to Plaintiff.

5

Exhibit A 000024

### SIXTEENTH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that the damages alleged by Plaintiff, which are specifically denied, were incurred as a result of a separate, intervening, and/or superseding event, and such separate, intervening, and/or superseding event will either serve as a complete bar to recovery against Defendant, or in the alternative, for which Plaintiff's recovery against Defendant should be appropriately reduced.

### SEVENTEENTH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that all damages allegedly sustained by Plaintiff, which are specifically denied, are the result of pre-existing conditions, the origin and subsequent treatment of which did not arise out of, result from, or relate to the alleged incident at issue herein, which either will serve as a complete bar to recovery against Defendant, or in the alternative, for which Plaintiff's recovery against Defendant should be appropriately reduced.

### EIGHTEENTH DEFENSE

Defendant affirmatively pleads and asserts any and all applicable affirmative defenses set forth in LSA-C.C.P. Art. 1005.

### NINETEENTH DEFENSE

Defendant reserves the right to supplement and/or amend its *Answer* or defenses to the *Petition* as additional information becomes known through discovery, which is in its infancy.

### TWENTIETH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively pleads the applicability of the "No Pay/No Play" Statute, LSA-R.S. 32:866, in the event that Plaintiff failed to have in effect valid automobile liability insurance at the time of the subject alleged incident.

### TWENTY-FIRST DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that, to the extent Plaintiff was not wearing her seatbelt, in violation of Louisiana law, such will serve as a complete bar to recovery against Defendant, or in the alternative, for which Plaintiff's recovery against Defendant should be appropriately reduced.

6

**JURY DEMAND**

Defendant hereby requests a trial by jury of this matter on all issues triable to a jury.

**WHEREFORE,** Defendant, Protective Insurance Company, prays that this *Answer* to Plaintiff's *Petition for Damages* be deemed good and sufficient and that after due proceedings are conducted, there be judgment herein in favor of Defendant, and against Marlo Nelson, dismissing with prejudice the *Petition for Damages* filed on behalf of Plaintiff, Marlo Nelson, with an award to the Defendant of their costs and for all other general equitable relief as the justice and nature of this cause may require and permit.

Respectfully submitted,

**PERRIER & LACOSTE LLC**

**GUY D. PERRIER, Esq. (Bar #20323)**
**CORY T. STUART, Esq. (Bar #33394)**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel:  (504) 212-8820
Fax:  (504) 212-8825
Email:  gperrier@perrierlacoste.com
Email:  cstuart@perrierlacoste.com

**ATTORNEYS FOR DEFENDANT,**
**PROTECTIVE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record, by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 18th day of August, 2022 at their last known address of record.

**CORY T. STUART, Esq. (Bar #33394)**

This pleading was signed electronically by counsel of record for Defendants pursuant to the Louisiana Uniform Electronic Transactions Act, Louisiana Revised Statutes 9:2601, et seq., including specifically La. R.S. 9:2607, and *Meadows v. Adams*, 287 So.3d 718 (La. 1/22/20).

.7

Exhibit A 000026

# PERRIER & LACOSTE, L.L.C.

### ATTORNEYS AT LAW
ONE CANAL PLACE
365 CANAL STREET
SUITE 2550
NEW ORLEANS, LA 70130

CORY T. STUART

Writer's direct dial number:
(504) 526-1704
Email:
cstuart@perrierlacoste.com
Direct facsimile: (504) 212-8857

TELEPHONE: (504) 212 - 8820
FACSIMILE: (504) 212 - 8825

August 18, 2022

**_VIA FACSIMILE: 504-364-3780_**
Clerk of Court
Jefferson Parish
P.O. Box 10
Gretna, LA 70054-0010

RE:  *Marlo Nelson v. Protective Insurance Company, et al*
     24th JDC No. 829-624, Div. "F"
     P&L Client/File No.: 5032-54318

Dear Civil Filing Clerk:

Enclosed are an original and one copy of an *Answer to Petition for Damages* for filing on behalf of Defendant, Protective Insurance Company. Please fax confirmation of your receipt along with a receipt for your costs. Please file the original into the record and return a stamped copy to us in the enclosed self-addressed, stamped envelope.

Thank you for your attention to this matter.

Sincerely,

Cory T. Stuart

CTS/jhr
cc:   Lillie Joyce (ljoyce@chipforstall.com)
      Kristin Primeaux (kkprimeaux@chipforstall.com)

G:\54318 - CTS\CORRESPONDENCE\CLERK.01_ANSWER.DOC

Exhibit A 000027



$1.96 0
US POSTAGE
FIRST-CLASS
002D48004500409

PERRIER
LACOSTE
...............
ONE CANAL PLACE
365 CANAL STREET
SUITE 2550
NEW ORLEANS, LOUISIANA 70130

Clerk of Court
Jefferson Parish
P.O. Box 10
Gretna, LA 70054-0010

Rec by mail

FILED FOR RECORD 08/23/2022 14:47:46
Brittany M. Villaro, #24 DY CLERK
JEFFERSON PARISH, LA

Exhibit A 000028

Filed by FAX
Date: 08/18/2022
Time: 11:38 AM
Deputy Clerk: /s/Brittany N. Vitrano

RECEIVED VIA MAIL
FOR RECORD 08/22/2022 15:00:52
Brittany N. Vitrano DY CLERK
JEFFERSON PARISH LA

## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

DOCKET NO.: 819-624                                                DIVISION: "F"

### MARLO NELSON

### VERSUS

### SAMMY DAVIS, BIG 8 TRANSPORTATION, LLC, AND PROTECTIVE INSURANCE COMPANY

FILED:_____          _____
                                                                   **DEPUTY CLERK**

### REQUEST FOR WRITTEN NOTICE

NOW INTO COURT, through undersigned counsel, come Defendant, Protective Insurance Company ("Defendant"), and in accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, request that the Clerk of this Honorable Court provide written notice by mail, at least ten (10) days in advance of any date fixed for any trial or hearing, including but not limited to exceptions, rules, motions or amendments thereof; and written notice of the signing of any final judgment, and/or the rendition of any interlocutory order or judgment in these proceedings, as provided for in Louisiana Code of Civil Procedure Articles 1913 and 1914.

8

Exhibit A 000029

Respectfully submitted,

**PERRIER & LACOSTE LLC**

_____
**GUY D. PERRIER, Esq. (Bar #20323)**
**CORY T. STUART, Esq. (Bar #33394)**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820
Fax: (504) 212-8825
Email: gperrier@perrierlacoste.com
Email: cstuart@perrierlacoste.com

**ATTORNEYS FOR DEFENDANT,**
**PROTECTIVE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 18th day of August, 2022 at their last known address of record.

_____
**CORY T. STUART, Esq. (Bar #33394)**

This pleading was signed electronically by counsel of record for Defendants pursuant to the Louisiana Uniform Electronic Transactions Act, Louisiana Revised Statutes 9:2601, et seq., including specifically La. R.S. 9:2607, and _Meadows v. Adams_, 287 So.3d 718 (La. 1/22/20).

Exhibit A 000030

Filed by FAX
Date: 08/18/2022
Time: 11:38 AM
Deputy Clerk: /s/Brittany N. Vitrano

RECEIVED VIA MAIL
FOR RECORD 08/22/2022 15:01:42
Brittany N. Vitrano DY CLERK
JEFFERSON PARISH LA

## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

DOCKET NO.: 819-624                    DIVISION: "F"

### MARLO NELSON

### VERSUS

### SAMMY DAVIS, BIG 8 TRANSPORTATION, LLC, AND PROTECTIVE INSURANCE COMPANY

FILED: _____

                        **DEPUTY CLERK**

### JURY TRIAL ORDER

In a civil case, a party requesting trial by jury shall deposit with the Clerk of Court the sum of $_____ and $_____ per day for each additional day estimated for trial, to be posted at least _____ days before trial. In the event that this deposit is fully depleted during the trial, the Clerk of Court shall notify the party requesting the jury of the remaining costs required, and said party shall promptly pay the same.

**IT IS HEREBY ORDERED** that this be tried by jury upon applicant's depositing into the registry of the court the sum of $_____, and $_____ per day for each additional day estimated for trial, to be posted at least _____ days prior to trial.

Gretna, Louisiana, this _____ day of_____, 2022.

_____
**HON. MICHAEL P. MENTZ**
**24TH JUDICIAL DISTRICT COURT**
**DIVISION "F"**

**JURY ORDER**

In accordance with C.C.P. Art. 1734.1(A). In lieu of the bond required by C.C.P. Art. 1734, the mover for the jury trial shall deposit $2,000.00 for the first day of trial and $400.00 (Cash) per day for each remaining day the trial is estimated to last. The cash deposit shall be filed with the Clerk of Court no later than sixty days prior to the trial pursuant to La. R.S. 13:3049.1. Notice of the fixing of the deposit shall be served on all parties by the mover. If the deposit is not timely made, any other party shall have and additional ten days to make the required deposit. The attorney for the mover shall present the receipt for the deposit to the court prior to the commencement of trial. Failure to post the cash deposit shall constitute a waiver of a trial by jury.

Gretna, Louisiana

this_____ 23rd _____ day of _____ August _____, _____ 2022 _____.

_____
Judge Michael P. Mentz
Division "F"

SIGNED: HON. MICHAEL P. MENTZ - DIVISION: F - 08/23/2022 12:28:30 - CASE:829624 - ID:122603

Exhibit A 000031

**JON A. GEGENHEIMER**
# JEFFERSON PARISH CLERK OF COURT
*24th Judicial District Court Civil Records Division – FAX Filing*
P.O. Box 10 • GRETNA LA 70054-0010 • (504) 364-2971



# FACSIMILE FILING RECEIPT OF TRANSMISSION

**To:**  CORY T. STUART / ATTY
FAX # 504-212-8825
Email: CSTUART@PERRIERLACOSTE.COM

August 18 _____, 20 22

**From:** s/ Alecia Lacour _____, *Deputy Clerk of Court*
24th JDC FAX Filing • (504) 364-2971

**Re:**  Case #: _____ 829-624 _____ Div.: ___ F ___
Case Title:  MARLO  NELSON vs PROTECTIVE INSURANCE COMPANY, Et Al

Total Number of Pages: 12
Document Type: ANSWER TO PETITION FOR DAMAGES / REQUEST FOR WRITTEN NOTICE / JURY TRIAL ORDER

Receipt is hereby acknowledged of the above described document, which was filed at
11:38 [X]A.M. [ ]P.M. on August 18 _____, 20 22.

PLEASE TAKE NOTICE that per La. R.S. 13:850, as amended by Act 109 of the 2016 Regular Legislative Session, the following shall be delivered to the clerk of court:
1. Fees for the facsimile filing and filing of the original document as stated below.
2. A transmission fee of $5.00.
3. Original documents identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. Original documents which are not identical to the facsimile filing or which include pages not included in the facsimile filing shall not be considered the original document.

NOTE: Although fees due may be paid by credit card, the facsimile filing shall have no force and effect if the original documents are not delivered to the clerk of court within 7 (seven) days, exclusive of legal holidays, after the clerk of court receives the facsimile filing.

NOTE: Per La. R.S. 13:850, the facsimile filing fee and transmission fee are incurred at the time the clerk of court receives the fax transmission, and the fees are due and payable regardless of whether the original documents are received.

[X]  Check or money order to "Jefferson Parish Clerk of Court"           $ $275.00
[ ]  Check or money order payable to "East Baton Rouge Sheriff":          $_____
[ ]  Check or money order payable to "Jefferson Parish Sheriff":          $_____
[ ]  Check or money order payable to "Orleans Parish Civil Sheriff":      $_____
[ ]  Check or money order payable to "Louisiana Secretary of State":      $_____
[ ]  Check or money order payable to _____: $_____
[ ]  Check or money order payable to _____: $_____
[ ]  Send the La. Civil Case Reporting form required per La. R.S. 13:4688.
[X] Other:  PLEASE SEND ORIGINAL PLEADINGS WITH CORRECTED CASE NUMBER
Payments to Jefferson Parish Clerk of Court can be made by credit card, all other payments must be sent by check or money order.
To pay by credit card go to:  https://ssl.jpclerkofcourt.us/JeffNetGo/CaseDeposit
select court "24th Civil JDC" and enter this case number.

### ***PLEASE ENCLOSE A COPY OF THIS ACKNOWLEDGMENT
Received: Aug 18 2022 11:38:49 Pages: 12   JobID:401d8b320fe23bc
### WHEN ORIGINAL PLEADING IS SUBMITTED.***

*(right margin, vertical text:)* F ID:63046   Case:829624 Div:F  11:38:49  Fax Filed:08/18/2022  24th JDC Civil

Exhibit A 000032

# Fax Transmission

| | | | |
|---|---|---|---|
| **To:** | 15043643780@shoretelfax.com | **From:** | Jacob H. Reecher |
| **Fax:** | 15043643780 | **Date:** | 8/18/2022 9:38:12 AM PDT |
| **RE:** | Marlo Nelson v. Protective Insurance Company, | **Pages:** | 12 |

---

**Comments:**

Good Morning,

Please find the attached correspondence from Cory T. Stuart regarding the matter referenced above.

Thank you,

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Jacob H. Reecher
Legal Assistant
Perrier & Lacoste, LLC

T: (504)212-8839 F: (504)212-7286
JReecher@PerrierLacoste.com<mailto:JReecher@PerrierLacoste.com>

24th JDC Civil Fax Filed:08/18/2022 11:38:49 Case:829624 Div:F ID:63046

Exhibit A 000033

# PERRIER & LACOSTE, L.L.C.
### ATTORNEYS AT LAW
ONE CANAL PLACE
365 CANAL STREET
SUITE 2550
NEW ORLEANS, LA 70130

CORY T. STUART

Writer's direct dial number:
(504) 526-1704
Email:
cstuart@perrierlacoste.com
Direct facsimile: (504) 212-8857

TELEPHONE: (504) 212 - 8820
FACSIMILE: (504) 212 - 8825

August 18, 2022

***VIA FACSIMILE: 504-364-3780***
Clerk of Court
Jefferson Parish
P.O. Box 10
Gretna, LA 70054-0010

    RE: *Marlo Nelson v. Protective Insurance Company, et al*
       24th JDC No. 829-624, Div. "F"
       P&L Client/File No.: 5032-54318

Dear Civil Filing Clerk:

    Enclosed are an original and one copy of an *Answer to Petition for Damages* for filing on behalf of Defendant, Protective Insurance Company. Please fax confirmation of your receipt along with a receipt for your costs. Please file the original into the record and return a stamped copy to us in the enclosed self-addressed, stamped envelope.

    Thank you for your attention to this matter.

        Sincerely,

        Cory T. Stuart

CTS/jhr
cc: Lillie Joyce (ljoyce@chipforstall.com)
   Kristin Primeaux (kkprimeaux@chipforstall.com)

G:\54318 - CTS\CORRESPONDENCE\CLERK.01_ANSWER.DOC

24th JDC Civil Fax Filed:08/18/2022 11:38:49 Case:829624 Div:F ID:63046

Exhibit A 000034



**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

**DOCKET NO.: 819-624**             **DIVISION: "F"**

**MARLO NELSON**

**VERSUS**

**SAMMY DAVIS, BIG 8 TRANSPORTATION, LLC,
AND PROTECTIVE INSURANCE COMPANY**

FILED:_____     _____

                                     **DEPUTY CLERK**

**ANSWER TO PETITION FOR DAMAGES**

     **NOW INTO COURT,** through undersigned counsel, comes Defendant, Protective Insurance Company ("Defendant"), which for its answer to the *Petition for Damages* ("*Petition*") filed by Plaintiff, Marlo Nelson ("Plaintiff"), respectfully avers as follows:

<div align="center">1.</div>

     The allegations of Paragraph 1 of the *Petition* are admitted to the extent that Protective Insurance Company is a foreign insurer. The remaining allegations pertain to other parties and therefore require no response from Defendant.

<div align="center">2.</div>

     The allegations contained in Paragraph 2 of the *Petition* are denied.

<div align="center">3.</div>

     Defendant objects to the allegations contained in Paragraph 3 of the *Petition*, as they set forth legal conclusions and therefore require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 3 of the *Petition* are denied.

<div align="center">4.</div>

     Defendant objects to the allegations contained in Paragraph 4 of the *Petition*, as they set forth legal conclusions with regard to insurance coverage and therefore require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 4 of the *Petition* are denied as written, except to admit that Protective Insurance Company issued Policy No. AM600-BIG8TRA-0101 Named Insured Big 8

<div align="center">1</div>

24th JDC Civil Fax Filed:08/18/2022 11:38:49 Case:829624 Div:F ID:63046

Transportation, LLC, which, as a written instrument, is the best evidence of its contents, including but not limited to any and all terms, conditions, definitions, forms, endorsements, limitations, exclusions, and other provisions, which are pled as if set forth herein *in extenso.*

5.

Defendant objects to the allegations contained in Paragraph 5 of the *Petition*, as they set forth legal conclusions and therefore require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 5 of the *Petition* are denied.

6.

Defendant objects to the allegations contained in Paragraph 6 of the *Petition*, as they set forth legal conclusions and therefore require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 6 of the *Petition*, including each and every subpart, are denied.

7.

Defendant objects to the allegations contained in Paragraph 7 of the *Petition*, as they set forth legal conclusions and pertain to other parties, and therefore require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 7 of the *Petition* are admitted to the extent that, upon information and belief, Sammy Davis was employed by Big 8 Transportation when the subject alleged accident occurred. The remaining allegations regarding liability are denied.

8.

Defendant objects to the allegations contained in Paragraph 8 of the *Petition*, as they set forth legal conclusions and therefore require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 8 of the *Petition*, including each and every subpart, are denied.

9.

The allegations of Paragraph 9 of the *Petition* require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 9 of the *Petition* are denied.

2

24th JDC Civil Fax Filed:08/18/2022 11:38:49 Case:829624 Div:F ID:63046

Exhibit A 000036



24th JDC Civil Fax Filed:08/18/2022 11:38:49 Case:829624 Div:F ID:63046

10.

Defendant objects to the allegations contained in Paragraph 10 of the *Petition*, as they set forth legal conclusions and therefore require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 10 of the *Petition* are denied.

11.

The allegations of Paragraph 11 of the *Petition* require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 11 of the *Petition* are denied.

12.

Defendant objects to the allegations contained in Paragraph 12 / Prayer of the *Petition*, as they set forth legal conclusions and therefore require no response from Defendant. However, to the extent that a response is deemed to be required, the allegations contained in Paragraph 12 / Prayer of the *Petition* are denied.

13.

**AND NOW**, for further answer and response to the *Petition*, Defendant alleges and avers the following Affirmative Defenses:

### FIRST DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that Plaintiff's allegations are barred by the applicable statute of limitations and/or prescription and/or preemption.

### SECOND DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that the allegations contained in Plaintiff's *Petition* fail to state a cause and/or right of action upon which relief can be granted.

### THIRD DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that no act or omission on its part, or that of its Insured(s), proximately caused or contributed to Plaintiff's alleged damages, which are specifically denied.

Exhibit A 000037



**FOURTH DEFENSE**

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that the subject alleged incident occurred under circumstances which are wholly disparate from those asserted in Plaintiff's *Petition*.

**FIFTH DEFENSE**

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that the subject alleged incident was caused by the fault and/or comparative fault of Plaintiff, which serves to bar and/or diminish any recovery by Plaintiff against Defendant herein.

**SIXTH DEFENSE**

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that Plaintiff could have avoided the subject alleged incident in the exercise of ordinary care but failed to do so.

**SEVENTH DEFENSE**

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that Plaintiff has failed to mitigate her damages, if any, which are specifically denied, which serves to bar and/or diminish any recovery by Plaintiff against Defendant herein.

**EIGHTH DEFENSE**

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that the damages sought by Plaintiff, which are specifically denied, were caused by the fault or negligence of a third party or third parties over whom Defendant had no control or responsibility, legal or otherwise, which serves to bar and/or diminish any recovery by Plaintiff against Defendant herein.

**NINTH DEFENSE**

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that neither it nor its Insured(s) have any responsibility or liability for the subject alleged incident or the damages complained of, which are specifically denied.

**TENTH DEFENSE**

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that at all material times Defendant and its Insured(s) exercised reasonable care herein.

4

24th JDC Civil Fax Filed:08/18/2022 11:38:49 Case:829624 Div:F ID:63046

Exhibit A 000038



**ELEVENTH DEFENSE**

In the alternative, and as a separate and complete defense, Defendant avers that it is entitled to a credit and/or set off for any and all payments made to or on behalf of Plaintiff by any person or entity including, but not limited to, any and all write-offs, discounts, and/or adjustments by any health care provider including, but not limited to, write-offs, discounts, and/or adjustments in favor of Medicaid and/or Plaintiff's counsel and/or a worker's compensation carrier and/or any other third party, and/or any and all payments for property damage or any other alleged element of damages, and expressly plead extinguishment of any obligation due to Plaintiff to the full extent of any such payments.

**TWELFTH DEFENSE**

In the alternative, and as a separate and complete defense, Defendant affirmatively asserts the assessment of fault against all persons and entities whose actions in any way contributed to Plaintiff's alleged damages, which are specifically denied, including but not limited to third parties and non-parties, which will either serve as a complete bar to recovery against Defendant, or in the alternative, for which Plaintiff's recovery against Defendant should be appropriately reduced.

**THIRTEENTH DEFENSE**

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that it and its Insured(s) complied with all relevant requirements of Louisiana law, statutory, jurisprudential, or otherwise, at all times, including those material to the subject alleged incident.

**FOURTEENTH DEFENSE**

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that the subject alleged incident was caused by unforeseen or unforeseeable circumstances and/or a sudden emergency and, as such, Defendant cannot be responsible and/or liable to Plaintiff.

**FIFTEENTH DEFENSE**

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that subject alleged incident was unavoidable and, as such, Defendant cannot be responsible and/or liable to Plaintiff.

24th JDC Civil Fax Filed:08/18/2022 11:38:49 Case:829624 Div:F ID:63046

5

Exhibit A 000039



### SIXTEENTH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that the damages alleged by Plaintiff, which are specifically denied, were incurred as a result of a separate, intervening, and/or superseding event, and such separate, intervening, and/or superseding event will either serve as a complete bar to recovery against Defendant, or in the alternative, for which Plaintiff's recovery against Defendant should be appropriately reduced.

### SEVENTEENTH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that all damages allegedly sustained by Plaintiff, which are specifically denied, are the result of pre-existing conditions, the origin and subsequent treatment of which did not arise out of, result from, or relate to the alleged incident at issue herein, which either will serve as a complete bar to recovery against Defendant, or in the alternative, for which Plaintiff's recovery against Defendant should be appropriately reduced.

### EIGHTEENTH DEFENSE

Defendant affirmatively pleads and asserts any and all applicable affirmative defenses set forth in LSA-C.C.P. Art. 1005.

### NINETEENTH DEFENSE

Defendant reserves the right to supplement and/or amend its *Answer* or defenses to the *Petition* as additional information becomes known through discovery, which is in its infancy.

### TWENTIETH DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively pleads the applicability of the "No Pay/No Play" Statute, LSA-R.S. 32:866, in the event that Plaintiff failed to have in effect valid automobile liability insurance at the time of the subject alleged incident.

### TWENTY-FIRST DEFENSE

In the alternative, and as a separate and complete defense, Defendant affirmatively avers that, to the extent Plaintiff was not wearing her seatbelt, in violation of Louisiana law, such will serve as a complete bar to recovery against Defendant, or in the alternative, for which Plaintiff's recovery against Defendant should be appropriately reduced.

6

24th JDC Civil Fax Filed:08/18/2022 11:38:49 Case:829624 Div:F ID:63046

Exhibit A 000040



## JURY DEMAND

Defendant hereby requests a trial by jury of this matter on all issues triable to a jury.

**WHEREFORE**, Defendant, Protective Insurance Company, prays that this *Answer* to Plaintiff's *Petition for Damages* be deemed good and sufficient and that after due proceedings are conducted, there be judgment herein in favor of Defendant, and against Marlo Nelson, dismissing with prejudice the *Petition for Damages* filed on behalf of Plaintiff, Marlo Nelson, with an award to the Defendant of their costs and for all other general equitable relief as the justice and nature of this cause may require and permit.

Respectfully submitted,

**PERRIER & LACOSTE LLC**

**GUY D. PERRIER, Esq. (Bar #20323)**
**CORY T. STUART, Esq. (Bar #33394)**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820
Fax: (504) 212-8825
Email: gperrier@perrierlacoste.com
Email: cstuart@perrierlacoste.com

**ATTORNEYS FOR DEFENDANT,**
**PROTECTIVE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 18th day of August, 2022 at their last known address of record.

**CORY T. STUART, Esq. (Bar #33394)**

This pleading was signed electronically by counsel of record for Defendants pursuant to the Louisiana Uniform Electronic Transactions Act, Louisiana Revised Statutes 9:2601, et seq., including specifically La. R.S. 9:2607, and *Meadows v. Adams*, 287 So.3d 718 (La. 1/22/20).

7

Exhibit A 000041



24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

DOCKET NO.: 819-624                                    DIVISION: "F"

MARLO NELSON

VERSUS

SAMMY DAVIS, BIG 8 TRANSPORTATION, LLC,
AND PROTECTIVE INSURANCE COMPANY

FILED:_____        _____
                                              DEPUTY CLERK

### REQUEST FOR WRITTEN NOTICE

NOW INTO COURT, through undersigned counsel, come Defendant, Protective Insurance Company ("Defendant"), and in accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, request that the Clerk of this Honorable Court provide written notice by mail, at least ten (10) days in advance of any date fixed for any trial or hearing, including but not limited to exceptions, rules, motions or amendments thereof; and written notice of the signing of any final judgment, and/or the rendition of any interlocutory order or judgment in these proceedings, as provided for in Louisiana Code of Civil Procedure Articles 1913 and 1914.

24th JDC Civil Fax Filed:08/18/2022 11:38:49 Case:829624 Div:F ID:63046

Exhibit A 000042



Respectfully submitted,

**PERRIER & LACOSTE LLC**

_____
**GUY D. PERRIER, Esq. (Bar #20323)**
**CORY T. STUART, Esq. (Bar #33394)**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820
Fax: (504) 212-8825
Email: gperrier@perrierlacoste.com
Email: cstuart@perrierlacoste.com

**ATTORNEYS FOR DEFENDANT,**
**PROTECTIVE INSURANCE COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing pleading has been delivered to all counsel of record, by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 18th day of August, 2022 at their last known address of record.

_____
**CORY T. STUART, Esq. (Bar #33394)**

This pleading was signed electronically by counsel of record for Defendants pursuant to the Louisiana Uniform Electronic Transactions Act, Louisiana Revised Statutes 9:2601, et seq., including specifically La. R.S. 9:2607, and _Meadows v. Adams_, 287 So.3d 718 (La. 1/22/20).

24th JDC Civil Fax Filed:08/18/2022 11:38:49 Case:829624 Div:F ID:63046

Exhibit A 000043



24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

DOCKET NO.: 819-624                          DIVISION: "F"

MARLO NELSON

VERSUS

SAMMY DAVIS, BIG 8 TRANSPORTATION, LLC,
AND PROTECTIVE INSURANCE COMPANY

FILED:_____

                               DEPUTY CLERK

### JURY TRIAL ORDER

In a civil case, a party requesting trial by jury shall deposit with the Clerk of Court the sum of $_____ and $_____ per day for each additional day estimated for trial, to be posted at least _____ days before trial. In the event that this deposit is fully depleted during the trial, the Clerk of Court shall notify the party requesting the jury of the remaining costs required, and said party shall promptly pay the same.

**IT IS HEREBY ORDERED** that this cause be tried by jury upon applicant's depositing into the registry of the court the sum of $_____, and $_____ per day for each additional day estimated for trial, to be posted at least _____ days prior to trial.

Gretna, Louisiana, this _____ day of_____, 2022.

_____
**HON. MICHAEL P. MENTZ**
**24TH JUDICIAL DISTRICT COURT**
**DIVISION "F"**

10

Exhibit A 000044

FILED FOR RECORD 08/29/2022 12:54:56
Lindsey M. Rorrano, DY CLERK
JEFFERSON PARISH, LA

# STATE OF LOUISIANA
## 24th Judicial District Court for the Parish of Jefferson

P1

No.: __829-624__                                     Division: " F "

Marlo Nelson

vs.

Protective Insurance Company, et al

### SUBPOENA DUCES TECUM

BGR #3348
Check# 1374

TO:   Amazon.com Services, Inc., through its registered agent for service of process: Corporation Service Company

501 Louisiana Ave., Baton Rouge, LA 70802

You are hereby commanded in the name of the State of Louisiana and of the 24th Judicial District Court for the Parish of Jefferson, to produce on the __28th__ day of __September__, 20 __22__, at __11__ o'clock __A__ .M., or any other day to which this case shall be continued, the following, to-wit:

(Check one of the following):

☐   IN OPEN COURT – Division "___," 24th Judicial District Court, Gretna, Louisiana.

DEPOSITION – To produce in the office of: __Law Office of Warren A. Forstall, Jr.__

☑   (Address):   320 N. Carrollton Ave., Suite 200

New Orleans, LA 70119

See Exhibit "A"

*This document prepared pursuant to the provisions of Article 1354 et. seq. of the Louisiana Code of Civil Procedure as amended by Act No. 824 of the 2008 Regular Legislative Session. Effective January 1, 2009, the following language is required to appear on this form:*

*Art. 1354. Subpoena duces tecum*

*[fine print legal text]*

Issued at the request of:
ATTORNEY: _____
                    *Attorney's Signature*
ATTORNEY'S NAME: Lillie B. Joyce _____   BAR ROLL NO. 33916
ADDRESS: 320 N. Carrollton Ave.
Suite 200
CITY/STATE/ZIP CODE: New Orleans, LA 70119

**File original and two copies with the Clerk.**

Exhibit A 000045

FILED FOR RECORD 08/29/2022 12:54:56
Lindsey M. Romano, DY CLERK
JEFFERSON PARISH, LA

PI
855

### 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

**NO. 829-624**                                            **DIVISION "F"**

### MARLO NELSON

### VERSUS

### PROTECTIVE INSURANCE COMPANY,
### BIG 8 TRANSPORTATION, LLC AND SAMMY DAVIS

**FILED:** _____          _____
                                              **DEPUTY CLERK**

### NOTICE OF RECORDS DEPOSITION

PLEASE TAKE NOTICE that plaintiff, Marlo Nelson, through undersigned counsel, will take the deposition of the individual whose name is listed below upon oral examination before a Notary Public or some other person authorized by law for all lawful purposes in accordance with the Louisiana Code of Civil Procedure as follows:

**DEPONET:** Amazon.com Services, Inc.
Through its registered agent for service of process:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**SUBJECT:** *See* Exhibit "A"

**DATE:** September 28, 2022

**TIME:** 11:00 a.m.

**LOCATION:** The Law Office of Warren A. Forstall., Jr., 320 North Carrollton Ave., Ste. 200, New Orleans, Louisiana 70119

at which time and place you are hereby notified to appear and take part in any such manner as you deem fit and proper.

The deponet need not attend if the certified copies of the records are forwarded to the undersigned counsel on or before the date of the deposition.

Respectfully submitted:

LILLIE E. JOYCE (#33916)
WARREN A. FORSTALL, JR. (#5717)
LAW OFFICES OF WARREN A. FORSTALL, JR., LLC
320 N. Carrollton Avenue, Suite 200
New Orleans, LA  70119
Telephone:        (504)  483-3400
Facsimile:         (504)  483-3447
Email:             ljoyce@chipforstall.com
*Attorneys for Plaintiff, Marlo Nelson*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by placing same either via U.S. Mail, properly addressed and first class postage prepaid, facsimile or e-mail correspondence on this 26th, day of August , 2022.

Lillie E. Joyce

1

Exhibit A 000046

*Marlo Nelson versus Protective Insurance Company et al.*
24th JDC No. 829-624, Division "F"

## EXHIBIT "A"

    A CERTIFIED AND COMPLETE COPY of any and all records related to the below described incident/accident:

| | |
|---|---|
| Date of Incident/Accident: | August 5, 2021 |
| Location: | 5733 Citrus Blvd., Elmwood, LA 70123 |
| Involved Parties: | Sammy Davis<br>Big 8 Transportation, LLC<br>Romell Anthony<br>Nawlings Boyz Catering<br>Marlo Nelson |

Including, but not limited to:

1. Incident Report or Accident report;

2. Witness Statements;

3. Photographs, videos, images, sketches, and/or diagrams of the scene or related in any way to the subject incident/accident.

## END

*220830- 9591-3*

FILED FOR RECORD 08/29/2022 12:54:56
Lindsay M. Romano, DY CLERK
JEFFERSON PARISH, LA

# STATE OF LOUISIANA
## 24th Judicial District Court for the Parish of Jefferson

*P1*
*204*

No.: __829-624__                    Division: " F "

Mario Nelson

**vs.**

Protective Insurance Company, et al

*- BBR $3348*
*Check # 1374*

### SUBPOENA DUCES TECUM

TO:   Amazon.com Services, Inc., through its registered agent for service of process: Corporation Service Company

501 Louisiana Ave., Baton Rouge, LA 70802

You are hereby commanded in the name of the State of Louisiana and of the 24th Judicial District Court for the Parish of Jefferson, to produce on the __28th__ day of __September__, 20 __22__, at __11__ o'clock __A__.M., or any other day to which this case shall be continued, the following, to-wit:

(Check one of the following):

☐  IN OPEN COURT – Division "____," 24th Judicial District Court, Gretna, Louisiana.

DEPOSITION – To produce in the office of: __Law Office of Warren A. Forstall, Jr.__

☑  (Address): __320 N. Carrollton Ave., Suite 200__

__New Orleans, LA 70119__

See Exhibit "A"

This document prepared pursuant to the provisions of Article 1354 et. seq. of the Louisiana Code of Civil Procedure as amended by Act No. 824 of the 2008 Regular Legislative Session. Effective January 1, 2009, the following language is required to appear on this form:

Art. 1354. Subpoena duces tecum

A. A subpoena may order a person to appear and/or produce at the trial, deposition, or hearing, books, papers, documents, or any other tangible things, or electronically stored information, in his possession or under his control, if a reasonably accurate description thereof is given. A subpoena may specify the form or forms in which electronically stored information is to be produced. A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or cost on a person subject to that subpoena, but the court in which the action is pending in its discretion may modify the subpoena if it is unreasonable or oppressive. Except when otherwise required by order of the court, certified copies, extracts, or photostatic copies of books, papers, and documents may be produced in obedience to the subpoena duces tecum instead of the originals thereof. If the party or attorney responsible for the subpoena does not specify that the named person shall be ordered to appear, the person may designate another person having knowledge of the contents of the books, papers, documents, or other things, or electronically stored information, to appear at his representative.

D. A person commanded to respond to a subpoena duces tecum may within fifteen days after service of the subpoena or before the time specified for compliance, if such time is less than fifteen days after service, send to the party or attorney designated in the subpoena written objection, with supporting reasons, to any or all of the requests, including objection to the production of electronically stored information in the form or forms requested. If objection is so made, the party serving the subpoena may file a motion to compel compliance with the subpoena and may move for sanctions for failure to reasonably comply.

E. If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena may produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

F. A person responding to a subpoena need not produce the same electronically stored information in more than one form.

F. A person responding to a subpoena need not produce books, papers, documents, or electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. No motion to compel production or to quash, the person from whom production is sought shall show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order production from such sources if the requesting party shows good cause. The court may specify conditions, including an allocation of the costs, for the production.

G. When the person subpoenaed is an adverse party, the party requesting the subpoena duces tecum may accompany his request with a written request under oath as to what facts he believes the books, papers, documents, electronically stored information, or tangible things will prove, and a copy of such statement must then be attached to the subpoena. If the party subpoenaed fails to comply with the subpoena, the facts set forth in the written statement shall be taken as confessed, and in addition the party subpoenaed shall be subject to the penalties set forth in Article 1357.

H. Subpoenas duces tecum shall reproduce in full the provisions of this Article.

_____, 20 _____

Issued at the request of:
ATTORNEY: _____
                        *Attorney's Signature*
ATTORNEY'S NAME: __Lillie B. Joyce__          BAR ROLL NO. __33916__

ADDRESS: __320 N. Carrollton Ave.__

__Suite 200__

CITY/STATE/ZIP CODE: __New Orleans, LA 70119__

S/ LISA CHERAMIE
Deputy Clerk
AUG 3 0 2022

**File original and two copies with the Clerk.**

Exhibit A 000048

*Marlo Nelson versus Protective Insurance Company et al.*
24th JDC No. 829-624, Division "F"

### EXHIBIT "A"

A CERTIFIED AND COMPLETE COPY of any and all records related to the below described incident/accident:

Date of Incident/Accident:   August 5, 2021

Location:   5733 Citrus Blvd., Elmwood, LA 70123

Involved Parties:   Sammy Davis
Big 8 Transportation, LLC
Romell Anthony
Nawlings Boyz Catering
Marlo Nelson

Including, but not limited to:

1. Incident Report or Accident report;

2. Witness Statements;

3. Photographs, videos, images, sketches, and/or diagrams of the scene or related in any way to the subject incident/accident.

### END

FILED FOR RECORD 08/29/2022 12:54:56
Lindsay M. Romano, DY CLERK
JEFFERSON PARISH, LA



PI
855

### 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO. 829-624                                                DIVISION "F"

### MARLO NELSON

### VERSUS

### PROTECTIVE INSURANCE COMPANY,
### BIG 8 TRANSPORTATION, LLC AND SAMMY DAVIS

FILED: _____          _____
                                                    **DEPUTY CLERK**

### NOTICE OF RECORDS DEPOSITION

PLEASE TAKE NOTICE that plaintiff, Marlo Nelson, through undersigned counsel, will

take the deposition of the individual whose name is listed below upon oral examination before a

Notary Public or some other person authorized by law for all lawful purposes in accordance with

the Louisiana Code of Civil Procedure as follows:

**DEPONET:**   Amazon.com Services, Inc.
               Through its registered agent for service of process:
               Corporation Service Company
               501 Louisiana Avenue
               Baton Rouge, LA 70802

**SUBJECT:**   *See* Exhibit "A"

**DATE:**      September 28, 2022

**TIME:**      11:00 a.m.

**LOCATION:** The Law Office of Warren A. Forstall., Jr., 320 North Carrollton Ave., Ste. 200,
             New Orleans, Louisiana 70119

at which time and place you are hereby notified to appear and take part in any such manner as you

deem fit and proper.

The deponet need not attend if the certified copies of the records are forwarded to the

undersigned counsel on or before the date of the deposition.

                                      Respectfully submitted:

┌─────────────────────────────────────┐
│ **CERTIFICATE OF SERVICE**            │
│ I hereby certify that a copy of the foregoing │
│ pleading has been served on all counsel of │
│ record by placing same either via U.S. Mail, │
│ properly addressed and first class postage │
│ prepaid, facsimile or e-mail correspondence on │
│ this 26th, day of August, 2022. │
│                                       │
│        Lillie E. Joyce                │
└─────────────────────────────────────┘

                                      _____
                                      LILLIE E. JOYCE (#33916)
                                      WARREN A. FORSTALL, JR. (#5717)
                                      LAW OFFICES OF WARREN A. FORSTALL, JR., LLC
                                      320 N. Carrollton Avenue, Suite 200
                                      New Orleans, LA  70119
                                      Telephone:      (504) 483-3400
                                      Facsimile:      (504) 483-3447
                                      Email:          ljoyce@chipforstall.com
                                      *Attorneys for Plaintiff, Marlo Nelson*

1

Exhibit A 000050

FILED FOR RECORD 08/29/2022 12:55:35
Lindsey M. Romano, DY CLERK
JEFFERSON PARISH, LA

220830-9591-3

P1/204

# STATE OF LOUISIANA
## 24th Judicial District Court for the Parish of Jefferson

No.: 829-624                          Division: " F "

Marlo Nelson

FILED FOR RECORD 09/22/2022 10:08:10
Deborah A. Bolotte DY CLERK
JEFFERSON PARISH LA

vs.

Protective Insurance Company, et al

### SUBPOENA DUCES TECUM

TO: Amazon.com Services, Inc., through its registered agent for service of process: Corporation Service Company
501 Louisiana Ave., Baton Rouge, LA 70802

EBRC CK# 1374  $33.48

You are hereby commanded in the name of the State of Louisiana and of the 24th Judicial District
Court for the Parish of Jefferson, to produce on the 28th day of September, 20 22, at
11 o'clock A .M., or any other day to which this case shall be continued, the following, to-wit:

(Check one of the following):

☐ IN OPEN COURT – Division "___," 24th Judicial District Court, Gretna, Louisiana.

DEPOSITION – To produce in the office of: Law Office of Warren A. Forstall, Jr.

☑ (Address): 320 N. Carrollton Ave., Suite 200
New Orleans, LA 70119

See Exhibit "A"

RECEIVED

SEP 0 8 2022

E.B.R. SHERIFF'S OFFICE

DEPARTMENTAL
DATE 9/7/22  TIME 11:05
MELISSA HARDIN
DY. DY. L. EALY  1202

*This document prepared pursuant to the provisions of Article 1354 et. seq. of the Louisiana Code of Civil Procedure as amended by Act No. 424 of the 2008 Regular Legislative Session. Effective January 1, 2009, the following language is required to appear on this form:*

[small print legal text block]

Issued at the request of:

ATTORNEY: _____
                    *Attorney's Signature*

ATTORNEY'S NAME: Lilly B. Joyce          BAR ROLL NO. 33916

ADDRESS: 320 N. Carrollton Ave.
Suite 200

CITY/STATE/ZIP CODE: New Orleans, LA 70119

_____, 20 ___

Lisa m Chiasmi
Deputy Clerk
AUG 3 0 2022

File original and two copies with the Clerk.

Exhibit A 000051

*Marlo Nelson versus Protective Insurance Company et al.*
24th JDC No. 829-624, Division "F"

## EXHIBIT "A"

A CERTIFIED AND COMPLETE COPY of any and all records related to the below described incident/accident:

| | |
|---|---|
| Date of Incident/Accident: | August 5, 2021 |
| Location: | 5733 Citrus Blvd., Elmwood, LA 70123 |
| Involved Parties: | Sammy Davis |
| | Big 8 Transportation, LLC |
| | Romell Anthony |
| | Nawlings Boyz Catering |
| | Marlo Nelson |

Including, but not limited to:

1. Incident Report or Accident report;

2. Witness Statements;

3. Photographs, videos, images, sketches, and/or diagrams of the scene or related in any way to the subject incident/accident.

**END**



**Chip FORSTALL**
LAW OFFICES

*ATTORNEYS*
Warren A. Forstall, Jr.
Christopher H. Sherwood
Lillie E. Joyce
Linda S. Harang
Jonathan E. Forstall
Delaney P. Shea

*OF COUNSEL*
William E. Mura, Jr.
Laurence D. Cohen

September 30, 2022

24th Judicial District Court
Parish of Jefferson
200 Debigny St.
Gretna, LA 70056

FILED FOR RECORD 10/04/2022 12:49:09
Kyle S. Hannan, DY CLERK
JEFFERSON PARISH, LA     P1
532

Re:   *Marlo Nelson v. Protective Insurance Company, et al*
24th JDC, No.: 829-624, Div:F

Dear Sir or Madam:

Attached is a copy of the original Petition for Damages.  Please re-issue service as follows:

Sammy Davis
via Louisiana Long Arm Statute:
6110 Renwick Dr., Apt.178A
Houston, TX 77081

With regards, I am,

Sincerely,

Lillie E. Joyce
ljoyce@chipforstall.com

LEJ:kkp
Enclosure

Exhibit A 000053

(101) CITATION: PETITION FOR DAMAGES;                    221012-6286-7

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

MARLO NELSON
  versus                                          Case: 829-624   Div: "F"
PROTECTIVE INSURANCE COMPANY, BIG 8          P 1 MARLO NELSON
TRANSPORTATION LLC, SAMMMY DAVIS

To: SAMMMY DAVIS
6110 RENWICK DR
APT 178A
HOUSTON TX 77081

VIA LOUISIANA LONG ARM STATUE SERVICE

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, within TWENTY ONE (21) CALENDAR days after
the return of service hereof, under penalty of default.

This service was requested by attorney LILLIE E. JOYCE and was issued by the Clerk of
Court on the 12th day of October, 2022.

                    /s/ Lisa M. Cheramie
                    Lisa M. Cheramie, Deputy Clerk of Court for
                    Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                    221012-6286-7

Received:_____  Served:_____  Returned:_____

Service was made:
    ___ Personal          ___ Domiciliary _____

Unable to serve:
    ___ Not at this address    ___ Numerous attempts _____ times
    ___ Vacant                ___ Received too late to serve
    ___ Moved                 ___ No longer works at this address
    ___ No such address       ___ Need apartment / building number
    ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
             Deputy Sheriff
Parish of: _____

Imaged 10/12/2022 11:57 - Signed: Deputy Clerk of Court /s/ Lisa M. Cheramie

Exhibit A 000054